UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONICA ZAPIEN HERNANDEZ,

   Plaintiff,

v.                                              Case No. 8:21-cv-2099-TPB-TGW

USCIS, et al.,

   Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTON TO DISMISS**

This matter is before the Court on Defendants' Motion to Dismiss, filed on September 15, 2021.  (Doc. 37).  Plaintiff failed to file a response as directed; the Court therefore considers the motion unopposed.  (Doc. 38).  After reviewing the motion, court file, and record, the Court finds as follows:

Plaintiff Monica Zapien Hernandez – a native and citizen of Mexico – seeks to compel final agency action that she alleges has been unlawfully withheld and unreasonably delayed with respect to the adjudication of a form i-918 U-Visa.  She specifically challenges the pace at which Defendants are processing her petition for a U-visa, which she applied for on or around May 28, 2018.

Defendants argue that Plaintiff's petition should be dismissed for lack of subject matter jurisdiction. The Eleventh Circuit has not yet addressed this issue, and courts within the Eleventh Circuit have divided on the question of whether there is a jurisdictional basis to review these unreasonable delay cases.  *See Hasan v. Wolf*, No. 1:20-CV-03831-JPB, 2021 WL 3360133, at *2 (N.D. Ga. July 23, 2021).

Upon careful consideration, the Court finds that Plaintiff's claims are not reviewable. "[N]either the [Administrative Procedure Act] nor the Mandamus Act provides jurisdiction over a claim that an agency failed to take a discretionary action." *Id.* at *3. The pace of adjudication of a U-Visa petition is "statutorily committed to the discretion of the Secretary [of Homeland Security], and by extension, [United States Citizenship and Immigration Services]."[1] *Id.* (citing 8 U.S.C. § 1101(a)(15)(U)(i); 8 C.F.R. § 214.14(c)(1)). Because Defendants are not legally required to adjudicate Plaintiff's U-Visa petition within a specific time frame, the Court lacks subject matter jurisdiction over Plaintiff's claims. The motion to dismiss is granted.

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendants' Motion to Dismiss (Doc. 37) is **GRANTED**. This case is **DISMISSED** for lack of subject matter jurisdiction.

(2) The Clerk is directed to terminate any pending deadlines and motions, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of October, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that Congress often prescribes deadlines for nonimmigrant admission. *See, e.g.*, 8 U.S.C. § 1184(c)(2)(C); 8 U.S.C. § 1184(c)(6)(D). By not imposing a deadline for adjudication of U-Visa petitions, "Congress has left to . . . administrative discretion the time in which [to] complete [the] review of such applications." *Hasan*, 2021 WL 3360133, at *4 (quoting *Beshir v. Holder*, 10 F. Supp. 3d 165, 174 (D.D.C. 2014)).